1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WRIGHT, FINLAY & ZAK, LLP
Christopher A.J. Swift, Esq.
Nevada Bar No. 11291
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
lrobbins@wrightlegal.net
*Attorneys for Plaintiff, Deutsche Bank National Trust Company As Trustee For Indymac Inda*
*Mortgage Loan Trust 2005-AR1, Mortgage Pass-Through Certificates Series 2005-AR1*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR INDYMAC INDA MORTGAGE LOAN TRUST 2005-AR1, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR1, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, CHICAGO TITLE INSURANCE COMPANY and TICOR TITLE INSURANCE COMPANY, | |
| Defendants. | |

COMES NOW Plaintiff, Deutsche Bank National Trust Company As Trustee For

Indymac Inda Mortgage Loan Trust 2005-AR1, Mortgage Pass-Through Certificates Series

2005-AR1 (hereinafter "Deutsche Bank"), by and through its attorneys of record, Christopher

A.J. Swift, Esq. and Lindsay D. Robbins, Esq., of the law firm of Wright, Finlay & Zak, LLP,

and hereby submits its Complaint against Defendants, Fidelity National Title Insurance

Company, Chicago Title Insurance Company, and Ticor Title Insurance Company as follows:

## PARTIES

**1.**     Plaintiff Deutsche Bank is a federally chartered savings association with its main office in the State of New York.   See, 28 U.S.C.A. § 1348; 12 U.S.C. § 1464(x); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709-715 (9th Cir. 2014) (holding that for diversity purposes a national bank is a citizen of the state designated as its main office in its articles of association).

**2.**     Upon information and belief, Defendant Fidelity National Title Insurance Company ("Fidelity") is a Florida corporation with its principal place of business in Jacksonville, Florida and doing business in Clark County, Nevada as an underwriter of title insurance policies.

**3.**     Upon information and belief, Defendant Ticor Title of Nevada, Inc. ("Ticor") is a Nebraska corporation with its principal place of business in Jacksonville, Florida and doing business in Clark County, Nevada as an underwriter of title insurance policies.

**4.**     Upon information and belief, Defendant Chicago Title Insurance Company ("Chicago") is a Nebraska corporation with its principal place of business in Jacksonville, Florida and doing business in Clark County, Nevada as an underwriter of title insurance policies.

**5.**     Upon information and belief, Chicago is the successor in interest to Ticor.

**6.**     Upon information and belief, Chicago and Ticor operate as subsidiaries of Fidelity.

**7.**     Upon information and belief, Fidelity wrote and implemented the title insurance policies issued by Ticor, including the title insurance policy at issue in this litigation.

///

///

///

**JURISDICTION AND VENUE**

**8.**     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as all plaintiffs are "citizens of different States" from all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**9.**     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district; and the property that is the subject of this action is situated in this district.

**FACTUAL BACKGROUND**

*The Underlying Property and HOA Foreclosure Sale*

**10.** On or about August 31, 2005, non-party borrowers, Ryan C. Shultz and Lorri A. Shultz ("Borrowers") purchased a residence commonly known as 8600 West Charleston Blvd. #1192, Las Vegas, Nevada 89117, APN: 138-32-819-378 (hereinafter the "Property").[1]

**11.** The Deed of Trust executed by Borrowers (hereinafter "Deed of Trust") identified IndyMac Bank, F.S.B. as the Lender, Ticor Title Insurance Company as the Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary acting solely as a nominee for Lender and Lender's successors and assigns, and secured a loan in the amount of $139,920.00 (hereinafter the "Shultz Loan").[2]

**12.** Deutsche Bank is the assigned Beneficiary under the Deed of Trust as evidenced by an

---

[1] A true and correct copy of the Grant, Bargain, Sale Deed recorded in the Clark County Recorder's Office as Book and Instrument Number 20050831-0006776 on August 31, 2005, is attached hereto as **Exhibit 1**.  All other recordings stated hereafter are recorded in the same manner.
[2] A true and correct copy of the Deed of Trust recorded as Book and Instrument Number 20050831-0006777 on August 31, 2005, is attached hereto as **Exhibit 2.**

Assignment recorded on August 31, 2018.[3]

***Title Insurance Policy***

**13.** In connection with the recordation of the Deed of Trust, Ticor issued its American Land Title Association Loan Policy of title insurance number 05027585 AL (the "Policy" naming Indymac Bank, F.S.B., and/or its assigns, as the insured thereunder.[4]

**14.** The Policy expressly provides that subject to the exclusions from coverage as stated therein, the exceptions from coverage stated in Schedule B to the Policy, and the conditions set forth therein, that Ticor insures Deutsche Bank for loss or damage sustained by reason of, "[a]ny defect in or lien or encumbrance on the title," "[t]he priority of any lien or encumbrance over the lien of the insured mortgage," or "[t]he invalidity or unenforceability of the lien of the insured mortgage upon the title[.]"[5]

**15.** The Policy also contains a California Land Title Association ("CLTA") Endorsement Form 100 that provides additional insurance for any loss or damage sustained by Deutsche Bank as a result of "covenants, conditions or restrictions under which the lien of the mortgage…can be cut off, subordinated or otherwise impaired."[6] The Endorsement also provides insurance for "[a]ny future violations on the land of any covenants, conditions or restrictions occurring prior to acquisition of title to the estate or interest referred to in Schedule A, or result in impairment or loss of the title to the estate or interest referred to in Schedule A . . ."[7]

**16.** In addition, the Policy includes a CLTA Endorsement Form 115.1 which provides insurance against loss or damage sustained by reason of "[t]he priority of any lien for charges

---

[3] A true and correct copy of the Corporate Assignment of Deed of Trust recorded as Book and Instrument Number 20180831-0004329 on August 31, 2018 is attached hereto as **Exhibit 3**.
[4] A true and correct copy of the Title Policy issued by Ticor is attached hereto as **Exhibit 4**.
[5] *Id.* at p. 1.
[6] *See* CLTA Form 100 of **Exhibit 4**.
[7] *Id.*

and assessments at Date of Policy provided for in the condominium statutes and condominium documents over the lien of any insured mortgage identified in Schedule A."[8]

**17.** In addition, the Policy states that Ticor will "pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage, as insured[.]"[9]

**18.** Deutsche Bank has suffered damage or loss from Borrowers' violation of the CC&Rs after issuance of the Policy and failure to pay assessments as they became due which resulted "in impairment or loss of the lien of the mortgage," of the Deed of Trust.

***The Underlying HOA Foreclosure Sale and Quiet Title Litigation***

**19.** On January 19, 2011 a Notice of Delinquent Assessment ("NODA") was recorded against the Property by Asset Recovery Services ("ARS") as purported agent for the HOA, Park 1 at Summerlin Gate Homeowners Association ("Park 1" or "the HOA").[10]

**20.** On March 15, 2011, ARS recorded a Notice of Default and Election to Sell Real Property to Satisfy Notice of Delinquent Assessment Lien ("NOD") against the Property.[11]

**21.** On September 24, 2013, Alessi & Koenig, LLC ("Alessi"), successor trustee for the HOA, recorded a Notice of Trustee's Sale ("NOS") against the Property.[12]

**22.** The Trustee's Deed Upon Sale recorded on October 14, 2014, almost a year after the purported sale date in the Notice of Trustee's Sale, states that the Property reverted back to Park

---

[8] *See* CLTA Form 115.2 of **Exhibit 4**.
[9] *See* **Exhibit 4** at p. 1.
[10] A true and correct copy of the Notice of Delinquent Assessment Lien recorded as Book and Instrument Number 201101190002728 on January 19, 2011, is attached hereto as **Exhibit 5.**
[11] A true and correct copy of the Notice of Default and Election to Sell Real Property recorded as Book and Instrument Number 201103150002208 on March 15, 2011, is attached hereto as **Exhibit 6.**
[12] A true and correct copy of the Notice of Trustee's Sale recorded as Book and Instrument Number 201309240001086 on September 24, 2013, is attached hereto as **Exhibit 7.**

1 for $10,734.22 on October 23, 2013.[13]

**23.** However, upon information and belief, the Trustee's Deed Upon Sale misrepresented the HOA Sale date, and that the HOA Sale did not occur until November 24, 2014, *after* the recording of the Trustee's Deed Upon Sale.

**24.** On May 10, 2018, a Quitclaim Deed was recorded whereby the Property was conveyed to Millola Holdings, LLC et al.[14]

**25.** On June 26, 2017, Deutsche Bank filed a Complaint for quiet title against Park 1 in United States District Court, District of Nevada, Case No. 2:17-cv-01761 ("Complaint"). Park 1 filed its Answer on January 2, 2018 (collectively, the "Litigation").[15]

**26.** The Litigation against Park 1 remains ongoing. Deutsche Bank has incurred significant attorneys' fees and costs defending its interest in the Property.

***Tender of the Claim and Chicago's Wrongful Denial***

**27.** On March 26, 2015, Deutsche Bank's predecessor provided written notice to Ticor that Park 1 was claiming an interest in the Property superior to the first Deed of Trust.[16] The tender letter requested both indemnity and defense from Ticor pursuant to the Policy terms.[17] The tender letter also highlighted the issuance of the Nevada Supreme Court's decision in <u>SFR Investments Pool 1, LLC v. U.S. Bank N.A.</u>, 334 P.3d 408 (2014), which held for the first time that an HOA lien could possibly extinguish a lender's Deed of Trust, and its possible

---

[13] A true and correct copy of the Trustee's Deed Upon Sale recorded as Book and Instrument Number 20141014-0000984 on October 14, 2014, is attached hereto as **Exhibit 8.**

[14] A true and correct copy of the Quitclaim Deed recorded as Book and Instrument Number 20180510-0000666 on May 10, 2018, is attached hereto as **Exhibit 9.**

[15] A true and correct copy of Deutsche Bank's Complaint is attached hereto as **Exhibit 10**. Park 1's Answer is attached hereto as **Exhibit 11.**

[16] A true and correct copy of Indymac's correspondence to Ticor dated March 26, 2015 is attached hereto as **Exhibit 12.**

[17] *Id*.

detrimental impact on the first Deed of Trust.[18]

**28.** On April 11, 2015, Chicago, as successor in interest to Ticor, responded to the tender by improperly denying the claim on the basis that the claim did not fall within the insuring provisions of the Policy and that the lien was created after the date the Policy issued.[19]

**29.** On May 18, 2018, Deutsche Bank sent correspondence to Chicago rebutting each of the stated grounds for denial and requesting that Chicago reconsider its wrongful and bad faith conduct. Specifically, Deutsche Bank pointed out that the express terms of the insuring agreement provided coverage for the exact situation facing Deutsche Bank – possible extinguishment of the DOT due to a provision in the HOA's Declarations of Covenants, Conditions and Restrictions ("CC&Rs"). In addition, Deutsche Bank pointed out that Nevada statute provides that the date of recording of the HOA's Declarations of Covenants, Conditions and Restrictions constitutes record notice and perfection of the Lien as a matter of law, and such recording occurred prior to issuance of the Policy.[20]

**30.** On July 6, 2018, Chicago sent a second denial letter to Deutsche Bank, repeating its prior arguments and improperly refusing to provide a defense or indemnity to its insured.[21]

**31.** Deutsche Bank brings this action to recover damages it has sustained, and is continuing to sustain, by reason of Ticor, Chicago and Fidelity's ill-considered, unreasonable and wrongful repudiation of its contractual obligations to Deutsche Bank under the Policy.

---

[18] *Id.*
[19] A true and correct copy of Chicago's correspondence, dated April 11, 2015, is attached hereto as **Exhibit 13.**
[20] A true and correct copy of Deutsche Bank's correspondence to Chicago, dated May 18, 2018 is attached hereto as **Exhibit 14.**
[21] A true and correct copy of Chicago's correspondence, dated July 6. 2018, is attached hereto as **Exhibit 15.**

### FIRST CAUSE OF ACTION
**(Breach of Contract versus Fidelity, Ticor and Chicago)**

**32.** Deutsche Bank incorporates and re-alleges all previous paragraphs as if fully set forth herein.

**33.** The Policy is a written contract, upon information and belief was written and implemented by Fidelity and issued by Ticor, that obligates Chicago, as Ticor's successor in interest, to defend and indemnify Deutsche Bank for loss or damage sustained by reason of any lien or encumbrance on the title, the priority of any lien or encumbrance over the lien of the insured mortgage, or the invalidity or unenforceability of the lien of the insured mortgage upon the title. The Policy also provides coverage for any loss or damage sustained by Deutsche Bank as a result of provisions in an HOA's CC&Rs under which the lien of the mortgage can be cut off, subordinated, or otherwise impaired and for any future violations of any CC&Rs which results in impairment or loss of the lien of the mortgage.

**34.** The Policy, upon information and belief was written and implemented by Fidelity, and issued by Ticor, further provides that Chicago, as Ticor's successor-in-interest, will pay the costs, attorneys' fees and expenses incurred in defense of the title or the lien of the insured mortgage.

**35.** The claims and allegations in the Litigation are covered matters under the Policy, against which Chicago is obligated to provide Deutsche Bank a legal defense and indemnity in the event HOA's Lien is held to be in a superior lien position over Deutsche Bank's Deed of Trust or the Deed of Trust is found to be invalid or unenforceable.

**36.** By refusing to provide Deutsche Bank with a defense and indemnity under the Policy, which upon information and belief was written and implemented by Fidelity and issued by Ticor, both Fidelity, Ticor, and Chicago are knowingly in breach of their contractual obligations

to its insured.

**37.** Deutsche Bank has complied with all of its material contractual obligations under the Policy.

**38.** Fidelity, Ticor and Chicago's breach of the Policy has proximately resulted in general and special damages to Deutsche Bank, including attorneys' fees and litigation expenses, which Deutsche Bank has incurred and must hereafter incur to defend its interest in the Property, and establish the lien priority of its Deed of Trust. Such damages and expenses should be paid by Fidelity, Ticor and Chicago under the Policy terms.

**39.** Deutsche Bank has been required to retain counsel to prosecute this action and is entitled to recover its corresponding reasonable attorney's fees.

**40.** Wherefore, Deutsche Bank prays for judgment against Fidelity, Ticor and Chicago as set forth below.

## SECOND CAUSE OF ACTION
**(Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing versus Fidelity, Ticor and Chicago)**

**41.** Deutsche Bank incorporates and re-alleges all previous paragraphs as if fully set forth herein.

**42.** Fidelity, Ticor and Chicago's refusal to comply with its contractual obligations to Deutsche Bank under the Policy is without any reasonable basis in fact or law.

**43.** Fidelity, Ticor, and Chicago's breaches of contract is a self-serving effort to avoid having to incur what is otherwise likely to be substantial expense for Fidelity, Ticor and Chicago to defend and/or indemnify Deutsche Bank in connection with the Litigation.

**44.** In breaching the Policy, Fidelity, Ticor and Chicago are unreasonably and unfairly frustrating the purpose of the Policy, and are causing its insured, Deutsche Bank, to incur

extraordinary expense, effort and stress in having to protect its rights and benefits under the Policy.

**45.** Fidelity, Ticor and Chicago's conduct, as outlined above, is a breach of the covenant of good faith and fair dealing that is implied in every contract.

**46.** Deutsche Bank has been required to retain counsel to prosecute this action and is entitled to recover its corresponding reasonable attorney's fees.

**47.** Wherefore, Deutsche Bank prays for judgment against Fidelity, Ticor and Chicago as set forth below.

## THIRD CAUSE OF ACTION
### (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing versus Fidelity, Ticor and Chicago)

**48.** Deutsche Bank incorporates and re-alleges all previous paragraphs as if fully set forth herein.

**49.** In addition to the duty of good faith and fair dealing, as the insurer of the Policy, written and implemented by Fidelity and issued by Ticor, Fidelity, Ticor, and Chicago, as Ticor's successor-in-interest, owed a fiduciary duty to Deutsche Bank, its insured, under Nevada law.

**50.** Furthermore, Deutsche Bank and Fidelity, Deutsche Bank and Ticor, and Deutsche Bank and Chicago had a special relationship with respect to the Policy, as Nevada law recognizes a special element of reliance in insurance agreements.

**51.** Fidelity, Ticor and Chicago have breached the implied covenant of good faith and fair dealing by breaching the Policy for self-serving reasons in bad faith, thereby violating the fiduciary duty they owe to Deutsche Bank, as well as the special reliance Deutsche Bank placed in Fidelity, Ticor and Chicago as its title insurer.

**52.** Fidelity, Ticor and Chicago's tortious breach of the implied covenant of good faith and

fair dealing has proximately resulted in damages to Deutsche Bank, including attorneys' fees and litigation expenses that Deutsche Bank has incurred and must hereafter incur to defend its interests in this case, and establish Deutsche Bank's right to the Policy benefits to which Deutsche Bank is already entitled.

**53.** Furthermore, Fidelity, Ticor and Chicago's conduct was malicious, fraudulent and oppressive thereby justifying the imposition of punitive damages against Fidelity, Ticor and Chicago in an amount sufficient to punish and deter such misconduct.

**54.** Deutsche Bank has been required to retain counsel to prosecute this action and is entitled to recover its corresponding reasonable attorney's fees.

**55.** Wherefore, Deutsche Bank prays for judgment against Fidelity, Ticor and Chicago as set forth below.

## FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duties versus Fidelity, Ticor and Chicago)

**56.** Deutsche Bank incorporates and re-alleges all previous paragraphs as if fully set forth herein.

**57.** At all relevant times, Fidelity, Ticor and Chicago owed to Deutsche Bank certain fiduciary duties for the benefit of Deutsche Bank, and arising from, and consistent with, the scope of the title insurer – insured relationship.

**58.** Fidelity, Ticor and Chicago breached those fiduciary duties as alleged.

**59.** As an actual and proximate result of the breach, Deutsche Bank has sustained damages, in an amount not yet liquidated, but which nonetheless exceed the minimum jurisdictional requirements of this Court.

**60.** Furthermore, Fidelity, Ticor and Chicago's conduct was malicious, fraudulent and oppressive thereby justifying the imposition of punitive damages against Fidelity, Ticor and

Chicago in an amount sufficient to punish and deter such misconduct.

**61.** Deutsche Bank has been required to retain counsel to prosecute this action and is entitled to recover its corresponding reasonable attorney's fees.

**62.** Wherefore, Deutsche Bank prays for judgment against Fidelity, Ticor and Chicago as set forth below.

### FIFTH CAUSE OF ACTION
### (Violation of Nev. Rev. Stat.  686A.310 versus Fidelity, Ticor and Chicago)

**63.** Deutsche Bank incorporates and re-alleges all previous paragraphs as if fully set forth herein.

**64.** Fidelity, Ticor and Chicago misrepresented to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage issue, including to Deutsche Bank.

**65.** Fidelity, Ticor and Chicago failed to effectuate prompt, fair, and equitable settlements of claims under circumstances where it is required to do so, including for Deutsche Bank's claim.

**66.** Fidelity, Ticor and Chicago's conduct constitutes a violation of NRS 686A.310, including:

(a) Misrepresenting to insured/claimants pertinent facts or insurance policy provisions relating to any coverage at issue.

(b) Failing to acknowledge and act reasonably and promptly upon communications with respect to claims arising under insurance policies.

(c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

(d) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.

(e) Failing to effectuate prompt, fair and equitable settlements of claims in which

liability of the insurer has become reasonably clear

(f)  Compelling insureds to institute litigation to recover amounts due under an insurance policy.

(g)  Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim.

**67.**  In view of the acts and omissions alleged herein, Fidelity, Ticor and Chicago's violation of NRS 686A.310 has been willful, malicious, oppressive, and tortious.

**68.** Wherefore, Deutsche Bank prays for judgment against Fidelity, Ticor and Chicago as set forth below.

## **PRAYER FOR RELIEF**

Wherefore Deutsche Bank prays for a judgment as follows:

**69.** Awarding contractual damages to Deutsche Bank in an amount to be proven at trial;

**70.** Awarding extra-contractual damages to Deutsche Bank based on Fidelity, Ticor and Chicago's breach of the implied covenant of good faith and fair dealing, including but not limited to the attorneys' fees and costs that Deutsche Bank incurs in this action;

**71.** Awarding contractual extra-contractual damages to Deutsche Bank which it may hereafter incur, including but not limited to the attorneys' fees and costs that Deutsche Bank incurs in defense of its title.

**72.** For attorney's fees and costs of suit;

///

///

///

**73.** For punitive damages according to proof; and

**74.** For such other and further relief as the Court deems just and proper.

DATED this 10th day of April, 2019.

WRIGHT, FINLAY & ZAK, LLP

*/s/ Lindsay D. Robbins, Esq.*
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
lrobbins@wrightlegal.net
*Attorneys for Plaintiff, Deutsche Bank National Trust Company As Trustee For Indymac Indal Mortgage Loan Trust 2005-AR1, Mortgage Pass-Through Certificates Series 2005-AR1*

**EXHIBIT LIST**

| | |
|---|---|
| Grant, Bargain, Sale Deed | Exhibit 1 |
| Deed of Trust | Exhibit 2 |
| Corporate Assignment of Deed of Trust | Exhibit 3 |
| Title Policy | Exhibit 4 |
| Notice of Delinquent Assessment Lien | Exhibit 5 |
| Notice of Default and Election to Sell Real Property | Exhibit 6 |
| Notice of Trustee's Sale | Exhibit 7 |
| Trustee's Deed upon Sale | Exhibit 8 |
| Quitclaim Deed | Exhibit 9 |
| Deutsche Bank's Complaint | Exhibit 10 |
| Park 1's Answer | Exhibit 11 |
| Indymac's correspondence to Ticor dated March 26, 2015 | Exhibit 12 |
| Chicago's correspondence, dated April 11, 2015 | Exhibit 13 |
| Deutsche Bank's correspondence to Chicago, dated May 18, 2018 | Exhibit 14 |
| Chicago's correspondence, dated July 6. 2018 | Exhibit 15 |